· J. C. LARKIN, ASSIGNEE OF SAWYER *v.*, IRA K. BATCHELDER.

*Insolvency. Fraud. Reasonable Cause to believe. Reputation. Evidence.*

1. In an action by an assignee to recover money claimed to have been paid in fraud of the insolvent law, the question being whether the defendant had reasonable cause to believe that the debtor was insolvent. *Held*, that it was immaterial whether the defendant *believed* him to be insolvent.

2. But the defendant having testified to the value of the insolvent's property, he could state what he understood was his indebtedness.

3. FINANCIAL REPUTATION. It was in the discretion of the court below to allow the defendant to prove the financial reputation of the insolvent, although he, defendant, did not reside in the same town that the debtor did, but was often there on business.

ACTION by plaintiff as assignee in insolvency of S. A. Sawyer of Peru to recover $675 paid by Sawyer to the defendant, a creditor, in January, 1881, and within four months before the filing of the petition by his other creditors. Trial by jury, June Term, 1882, Bennington County, Veazey, J., presiding. Judgment for the defendant. Sawyer had always lived in Peru. The defendant lived there until 1868, and afterwards in Towns-hend, about 25 miles distant; but he was often at Peru on business matters, visiting relatives, etc. The witness, Gray, in

answer to a question as to Sawyer's financial reputation, stated that he resided in Manchester; that he was president of a bank there; that the bank loaned Sawyer $250 in December, 1880, and that a near neighbor of Sawyer endorsed the note; that the people of Peru did considerable business at the bank, and he was in the habit of inquiring as to their financial standing; had done. so as to Sawyer's, and considered it good. The other facts are stated in the opinion of the court.

Burton & Munson and J. G. Martin, for the plaintiff, argued that allowing the defendant to state his understanding as to the value of the insolvent's property, and as to the amount of his indebtedness, was tantamount to allowing him to testify that he believed that the debtor was not insolvent, which would be clearly inadmissible; and cited R. L. s. 1860; Forbes v. Howe, 102 Mass. 432; Coburn v. Proctor, 15 Gray, 38; Commonwealth v. Hartnett, 3 Gray, 451; Adams v. Field, 21 Vt. 266; Markson v. Hobson, 2 Dill. 327.

Martin & Eddy, for the defendant, cited Bates v. Sharon, 45 Vt. 474; Smith v. Miles, 15 Vt. 249; 33 Vt. 414; Hard v. Brown, 18 Vt. 754; Sherman v. Blodgett, 28 Vt. 149; Richardson v. Hitchcock, 28 Vt. 757.

The opinion of the court was delivered by

TAFT, J. On trial it was conceded that Sawyer at the time of payment was insolvent, and the only question in controversy .was, whether the defendant, when the payment was made him by Sawyer, had reasonable cause to believe the latter was insolvent or in contemplation of insolvency. Whether he believed him insolvent or not was wholly immaterial; the legitimate inquiry was, had he reasonable cause to believe him so ? The defendant when on the stand testified as to the property of Sawyer, and its value, and was asked what he understood the amount of Sawyer's indebtedness to be. This question was objected to by the plaintiff, but the answer was admitted, the plaintiff excepting. Whether the defendant at the time had

reasonable cause to believe that Sawyer was insolvent or in contemplation of insolvency or not, would depend to a great degree upon what he understood at that time the amount of his indebtedness actually was, and, although that fact may have tended to show what his belief was, it was none the less admissible as showing one of the main facts from which it must have been determined whether he had reasonable cause to believe him insolvent or not. Its admission was proper.

Was the testimony of Gray admissible? It was proper to show Sawyer's financial reputation; and the only objection made was that the testimony tended to show the reputation in a place where the defendant did not live, and so would not be likely to know of it. The defendant formerly lived in Peru (Sawyer's residence), was often there; and we think it was within the discretion of the court to say whether it should be admitted or not.

If the defendant was in the vicinity often enough to have probably heard of the rumors in regard to Sawyer's reputation, we think the testimony admissible. Whether he was or not we think was a question for the court below, and its finding will not be revised by us.

Judgment affirmed.